IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTHONY KENDRICK, : | |
| : | |
| Plaintiff, : | |
| : | CASE NO.: 5:14-CV-112 (LJA) |
| v. : | |
| : | |
| CAROLYN W. COLVIN, Acting : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

Before the Court is the Report and Recommendation ("R&R") (Doc. 13) on Plaintiff Anthony Kendrick's social security appeal. In the R&R, the Magistrate Judge recommends that the Court affirm the Social Security Commissioner's decision, denying Plaintiff's application for benefits, as affirmed by the Administrative Law Judge ("ALJ"). (*Id.*) The Magistrate Judge determined that the ALJ's factual findings were supported by substantial evidence in the record and the legal conclusions were based on the proper application of correct legal standards.

As set forth in 28 U.S.C. § 636(b)(1) and as stated in the R&R, the parties had fourteen days to file an objection to the R&R. (*Id.* at 8) Plaintiff timely filed an objection to the R&R, and the Commissioner has timely responded to the objection. (Docs. 14, 15). The Court has performed a de novo review of those portions of the report to which Plaintiff objects. § 636(b)(1)(C).

The Eleventh Circuit has held that federal courts' "review of the [ALJ's] decision is limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). District courts should not "decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [ALJ]." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). Rather, the Court "must defer to the [ALJ]'s decision if it is supported by substantial evidence." *Id.* "Substantial evidence is more than a scintilla and is such

1

relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Even if the evidence preponderates against the [ALJ]'s findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

In his objection, Plaintiff reasserts the same arguments made during his appeal and sets forth three bases to reject the ALJ's decision. (Doc. 14). First, Plaintiff contends that the ALJ erred in step three[1] by finding that his depression did not meet or equal the severity of a specified impairment in the Listing of impairments. At step three, the claimant must show that the impairment or combination of impairments meets or equals the severity of an impairment listed in the regulations. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listing and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). Likewise, "[t]o equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." *Id.* A claimant with an impairment that meets or equals one of the Listings and the duration requirement will be found disabled at step three. *See* C.F.R. § 404.1520(a)(4)(iii).

The ALJ's determination that Plaintiff's depression did not meet or equal the Listing was reasonable and supported by substantial evidence in the record. The ALJ considered how Plaintiff's depression "impacts four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation" as required by 20 C.F.R. § 404.1520a-(c)(3-4). *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 1208). In each functional area, the ALJ considered Plaintiff's daily activities, medical records, and testimony in evaluating the severity of Plaintiff's depression. The ALJ noted that Plaintiff exhibits moderate difficulties in three functional areas: activities of daily living, maintaining social functioning, and concentration, persistence, or pace. (Tr. 27). The ALJ,

---

[1] "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1)whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

however, noted that Plaintiff has not experienced extended episodes of decompensation. *Id.* Because the evidence supports the conclusion that Plaintiff's depression causes moderate limitations in three functional areas and no limitations in one functional area, the ALJ properly concluded that Plaintiff's depression does not equal or meet the severity requirement in the Listing. Accordingly, the ALJ's determination was supported by substantial record in the evidence.

Second, Plaintiff contends that the ALJ improperly evaluated his credibility. Specifically, Plaintiff contends that the ALJ erroneously relied on the lack of treatment for his depression as a basis to partially discredit his testimony regarding the severity of his depression. As noted by the Eleventh Circuit in *Moore*, 405 F.3d at 1212, "credibility determinations are the province of the ALJ." While an ALJ must consider a plaintiff's subjective complaints of pain, "the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). A reviewing court will not disturb the ALJ's credibility finding if the ALJ "clearly articulated [his] credibility finding with substantial evidence in the record [.]" *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

The ALJ articulated specific reasons for giving only partial credit to Plaintiff's subjective complaints of depression, and substantial evidence in the record supports the ALJ's credibility finding. The ALJ found that "there is no evidence suggesting that claimant has sought mental health treatment." (Tr. 29). The ALJ also noted that Plaintiff testified that his primary physician was going to prescribe him medications for his depression. *Id.* However, nothing in the record supports that Plaintiff was prescribed medication for his depression. *See Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) (finding that the claimant's mental health impairments were not severe because "the record does not [] disclose that treatment has been recommended for her condition."). As such, the lack of treatment for Plaintiff's depression was a reasonable basis for the ALJ to partially discredit Plaintiff's subjective complaints of depression. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938 (11th Cir. 2011) ("The question is not . . . whether [the] ALJ could have reasonably credited [plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it.").

Furthermore, Plaintiff's daily activities support the conclusion that Plaintiff's subjective complaints of his depression are not fully credible. According to Plaintiff, he is

3

able to engage in various activities, such as spending time with his family and friends, attending church, driving occasionally, and watching movies. (Tr. 27). That Plaintiff is able to partake in these activities conflicts with his testimony regarding the severity of his depression. *See Lanier v. Comm'r of Soc. Sec.*, 252 F. App'x 311, 314 (11th Cir. 2007) (affirming the ALJ's adverse credibility determination because claimant's description of her daily activities was inconsistent with her testimony regarding the severity of her pain). As such, the ALJ properly evaluated Plaintiff's subjective complaints of his depression and the ALJ's partially adverse credibility determination was supported by substantial evidence in the record.

Third, Plaintiff contends that the ALJ improperly rejected Dr. Dodgen's opinions regarding Plaintiff's mental impairments. Specifically, Plaintiff contends that the ALJ erroneously considered the fact that Dr. Dodgen did not treat Plaintiff's depression and does not specialize in mental health as bases for rejecting Dr. Dodgen's opinions regarding Plaintiff's mental impairments. It is well established in the Eleventh Circuit that the opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. The ALJ must clearly articulate his reasons for disregarding the opinion of a treating physician. *Id.*

Contrary to Plaintiff's contentions, the ALJ clearly articulated his reasons for disregarding Dr. Dodgen's opinions regarding Plaintiff's mental impairments. Dr. Dodgen is Plaintiff's primary physician and opined that Plaintiff "has impaired cognition and intelligence that make him unable to perform even sedentary type work." (Tr. 463). In determining not to credit Dr. Dodgen's opinions regarding Plaintiff's mental impairments, the ALJ noted that there is no evidence in the record supporting that Dr. Dodgen treated Plaintiff's mental impairments. (*See* Tr. 445-465). Rather, the record shows that Dr. Dodgen's treatment notes were based on Plaintiff's complaints of pain stemming from his brachial plexus palsy condition, not Plaintiff's complaints of depression. (*Id.*) Because Dr. Dodgen's opinions regarding Plaintiff's medical impairments are unsubstantiated with his

4

own medical records, good cause exists for disregarding Dr. Dodgen's opinions with regard to Plaintiff's mental impairments. *See Mills v. Astrue*, 226 F. App'x 926, 931 (11th Cir. 2007) (finding that ALJ erroneously gave more weight to a treating physician who focused his treatment on plaintiff's back injury, not depression, and did not specialize in mental health).

Moreover, the ALJ properly considered the fact that Dr. Dodgen does not specialize in mental health as a separate basis for discounting his opinions relating to Plaintiff's mental impairments. As noted by the Eleventh Circuit in *McNamee v. Soc. Sec. Admin.*, 164 F. App'x 919, 923 (11th Cir. 2006), "[s]ocial security regulations require an ALJ evaluating medical opinion to consider a variety of factors, including the examining and treatment relationships, *the specialization of the person giving the opinion*, and how well the record supports the opinion in question." (emphasis added). As such, the ALJ was free to consider Dr. Dodgen's lack of specialization in mental health when evaluating Dr. Dodgen's opinions relating to Plaintiff's mental impairments. Therefore, because Dr. Dodgen does not specialize in mental health and because Dr. Dodgen focused his treatment on Plaintiff's brachial plexus palsy condition, rather than his depression, the ALJ properly discredited Dr. Dodgen's opinions regarding Plaintiff's mental impairments. Accordingly, the ALJ's determination was supported by substantial evidence in the record.

Therefore, the Court concurs with the Magistrate Judge's recommendation that the ALJ's decision, as a whole, was supported by substantial evidence in the record. Upon full review and consideration of the record, the Court finds that the Report and Recommendation, (Doc. 13), should be, and hereby, is **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Plaintiff's Objection (Doc. 14) is **OVERRULED**, and the Commissioner's decision is hereby **AFFIRMED.**

**SO ORDERED**, this  28th   day of September, 2015.

  /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**